## MAXIE v. STATE.

(Division A.   Oct. 22, 1923.)

[97 South. 560.   No. 23474.]

WITNESSES. *When accused entitled to immunity in prosecution for unlawful sale of intoxicating liquors stated.*

In order for a person to be immune from prosecution under the provisions of section 1792, Code of 1906 (Hemingway's Code, section 2106), for or on account of any transaction, matter, or thing concerning which he may have testified before a grand jury or any court, his testimony, because of which the immunity is claimed, must have been given in a cause or proceeding based on or growing out of the violation of one of the sections, or amendments thereof, of chapter 40, Code of 1906 (chapter 38, Hemingway's Code), which sections cover the manufacture, sale, possession, etc., of intoxicating liquors.

APPEAL from circuit court of Lauderdale county.

HON. C. C. MILLER, Judge.

Jim Maxie was convicted of unlawful manufacture of intoxicating liquor, and he appeals. Affirmed.

*H. A. Shotts,* for appellant.

The appellant was tried and convicted at the February 1923, term of the circuit court of Lauderdale county and sentenced to one year in the state penitentiary for distilling. On the trial of this case, before announcing "ready," appellant filed a plea to immunity from prosecution in this case. Appellant also offered testimony of witnesses to prove his immunity, which was objected to by the state and sustained by the court, and then and there excepted to by appellant. After all the evidence was in, that the court would allow to go in, appellant moved the court to discharge him and set him at liberty on account of his immunity under section 1792, Code of 1906, same being overruled by the court and excepted to by appellant.

The paramount question in this case is the fact that appellant was used by the state and that he testified of and concerning this case as witness for the state, that by said testimony given for the state, he purchased his immunity from prosecution as made and provided in section 1792, Code of 1906. If this immunity statute does not apply to appellant's case, why not? The case in which he testified grew out of the illicit manufacture of intoxicating liquor, and appellant's attorney advised him to go ahead and testify for the state for the reason it was compulsory under the law, but that his reward for that was his immunity from further prosecution. There was a cold-blooded and deliberate murder committed at the said whisky still, and the punishment of the guilty murderer was of far and much more importance than punishing those guilty of distilling, and the state of Missis-

sippi needed appellant's testimony and I feel sure the state of Mississippi will stand by its immunity law in this case, in which course such action is upheld in *State v. Bramlett,* 47 So. 433; *Griffin v. State,* 90 So. 81; *Lucas v. State,* 93 So. 437; *Fuller v. State,* 85 Miss. 199.

The district attorney's remarks to the jury in his closing argument were in the following words: "That, yes J. P. Owen had fallen on the firing line while performing his duty, and Buchanan, who testified from that stand has the hot lead of the moonshiners in him now." And the courts reply to appellant's counsel, when objection was made, that he could take care of that by a special bill of exceptions, was highly prejudicial to appellant, and no doubt inflamed the minds of the jury against appellant. *Sykes v. State,* 89 Miss. 766, 42 So. 875; *Collins v. State,* 100 Miss. 435, 56 So. 527; *Moseley v. State,* 112 Miss. 854, 73 So. 791; *Clark v. State,* 102 Miss. 768, 59 So. 887; *Kelly v. State,* 113 Miss. 850, 74 So. 679.

The court refused defendant the following instruction: "The court instructs the jury for the defendants that if there is on the whole testimony in this case a belief in the probability of defendant's innocence existing in the minds of the jury, then there is a reasonable doubt of his guilt and the jury should acquit him." This instruction was upheld in *Nelms v. State,* 58 Miss. 362; *Jackson v. State,* 66 Miss. 89, 5 So. 690.

*S. C. Broom,* Assistant Attorney-General, for the state.

At the preliminary trial of the prohibition officers charged with the murder of a negro, killed during the raid, this appellant was called as a witness for the state, and he now claims immunity from prosecution under section 1792, Code of 1906. This case will stand or fall upon two propositions. (1) Is he entitled to immunity as provided for in section 1792, Code of 1906, and (2) is the language of the district attorney as shown by special bill of exceptions such an improper appeal as to constitute reversible error.

In the case of *Lucas* v. *State,* 93 So. 437, is laid down the rule which has governed in considering whether or not one is entitled to immunity under section 1792, Code of 1906. The facts in this case do not bring it within that rule. It is proper to note that even though the appellant herein did, as a matter of fact, on that occasion give some testimony with reference to the still as a necessary preamble leading up to the alleged murder, it is reasonable to suppose that any testimony that he gave on that occasion with reference to the still was no different from his sworn testimony in this record. In other words to prove the existence of the still or its unlawful operation or the guilt of the appellant herein, his testimony was never used, was never required, and never could have been construed as indicating his guilt. Therefore, he is clearly without the rule laid down in the Lucas case, as provided for by statute. It was not as a result of his evidence that he was indicted, nor by it that he was convicted.

We pass now to a consideration of the special bill of exceptions, where it is charged that the district attorney made use of improper language. The exceptions to these remarks were not timely made. Counsel waited until the prosecuting attorney had made his final remarks and then made the objections, whereupon the court very properly advised counsel that his remedy was by special bill of exceptions. There was ample evidence to warrant a conviction and we have no fear that the verdict will be disturbed.

Argued orally by *H. A. Shotts* for appellant and *S. C. Broom,* Assistant Attorney-General, for the state.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a conviction for manufacturing intoxicating liquor, and the only assignment of error that requires a specific response is that the appellant was denied the immunity from prosecution to which he was entitled under section 1792, Code of 1906 (section 2106, Hemingway's Code).

The facts on which the immunity is claimed are that, when the still, for assisting in the operation of which the appellant was convicted, was discovered by the prohibition officers, a fight occurred between the officers and the persons operating the still, in which one of such persons was killed by the prohibition officers, and on the preliminary hearing before a magistrate on a charge against one of the officers for murder the appellant was introduced by and testified as a witness on behalf of the state. The statute in question provides that:

"No person shall be excused from attending and testifying before a grand jury, or before any court, or in any cause or proceeding, criminal or otherwise, based upon or growing out of any alleged violation of this chapter. . . . But no person shall be prosecuted or subject to any penalty or forfeiture for or on account of any transaction, matter or thing, concerning which he may testify, or produce evidence, documentary or otherwise, before the grand jury, or any court."

The chapter of the Code of 1906 therein referred to is No. 40, which deals with intoxicating liquor, and does not include prosecution for homicide. The broad language of the statute, that "no person shall be excused from attending and testifying before a grand jury, or before any court," is necessarily qualified by that which immediately follows, and which is "or in any cause or proceeding, criminal or otherwise, based upon or growing out of any alleged violation of this chapter," so that the immunity therein granted is only to a person who testifies in such a cause or proceeding. The testimony of the appellant not having been given in such a cause or proceeding, he is not entitled to the immunity claimed.

*Affirmed.*